UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ANTONIO ZAMBRANO

Defendant.

1:20-CR-621-LTS-2

MEMORANDUM ORDER

Defendant Antonio Zambrano ("Defendant" or "Mr. Zambrano") has moved pro se for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A) ("Section 3582(c)(1)(A)"). The Court has carefully reviewed the parties' submissions (docket entry no. 81 ("Mot."), 85 ("Opp.")), and, for the following reasons, Mr. Zambrano's request is denied.[1]

In August 2021, Mr. Zambrano pled guilty to one count of narcotics conspiracy in violation of 21 U.S.C. section 846. His charge stemmed from an incident in which he communicated with an undercover agent and agreed to bring approximately six kilograms of methamphetamine from Texas to New York. (Docket entry no. 72 ("Sent. Hr'g Tr.") at 22.) When he and his codefendant were intercepted on their way from Texas to New York, they were found with six kilograms of a particularly potent and dangerous form of methamphetamine known as ICE. (Id.) At his sentencing on March 11, 2022, the Court determined that the applicable United States Sentencing Guidelines offense level was 33 and that the applicable criminal history category was I, which resulted in a Guidelines custodial sentence range of 135 to 168 months. (Id. at 21.) The Court ultimately sentenced Mr. Zambrano to a below-Guidelines

[1] Mr. Zambrano was directed to file a reply brief, if any, by August 9, 2026. (Docket entry no. 84.) To date, he has not done so.

sentence of 72 months' incarceration to be followed by three years of supervised release. (Id. at 26.) According to the Federal Bureau of Prisons' Inmate Locator, Mr. Zambrano's projected release date is September 14, 2027. See Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited August 20, 2026).

Mr. Zambrano now moves for compassionate release under Section 3582(c)(1)(A). A district court may reduce a defendant's term of imprisonment under Section 3582(c)(1)(A) when: "(1) a defendant has exhausted all administrative remedies with the BOP, (2) 'extraordinary and compelling reasons warrant such a reduction,' (3) the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and (4) the reduction is supported by the factors set forth in 18 USC § 3553(a), to the extent they apply." United States v. Stillwell, No. 13-CR-521-RA, 2026 WL 276018, at *2 (S.D.N.Y. Feb. 3, 2026) (quoting Section 3582(c)(1)(A)). The defendant carries the burden of showing that he is entitled to a sentence reduction. United States v. Gogel, No. 13-CR-521-LTS-4, 2026 WL 864222, at *1 (S.D.N.Y. Mar. 30, 2026).[2]

Here, Mr. Zambrano has not met his burden of demonstrating that he is entitled to a sentence reduction. As an initial matter, Mr. Zambrano has not argued that he has exhausted all administrative remedies with the BOP, which failure would itself render him ineligible for compassionate release on motion before this Court. United States v. Pichardo, No. 17-CR-512-KMW, 2020 WL 3819602, at *2 (S.D.N.Y. July 8, 2020).

---

[2] Because Mr. Zambrano is proceeding pro se, the Court reviews his submissions with "'special solicitude' and will construe them 'liberally' and interpret them 'to raise the strongest arguments that they suggest.'" Stillwell, 2026 WL 276018, at *3 (quoting Bloodywone v. Bellnier, 778 F. App'x 52, 53 (2d Cir. 2019)).

Nor has Mr. Zambrano identified any extraordinary and compelling reasons that justify a sentence reduction. Mr. Zambrano argues that he is entitled to compassionate release under U.S.S.G. section 1B1.13(6) ("Section 1B1.13(6)"), which provides that if a defendant "received an unusually long sentence and has served at least 10 years of the term of imprisonment," courts may consider "a change in law" that would "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). In a recent decision, the Supreme Court held Section 1B1.13(b)(6) invalid, finding that sentencing disparities created by nonretroactive amendments "track[] ordinary sentencing practices" and are "neither an 'extraordinary' nor a 'compelling' reason that warrants a reduction in sentence." Rutherford v. United States, 146 S. Ct. 1320, 1332 (2026). Mr. Zambrano therefore can no longer rely on Section 1B1.13(b)(6) to establish an extraordinary and compelling reason.

In any event, Mr. Zambrano would not have been eligible for relief under the plain terms of Section 1B1.13(b)(6). Mr. Zambrano's term of incarceration totals six years; he necessarily has served and will serve fewer than 10 years of imprisonment. The change in law Mr. Zambrano identifies, moreover, is an amendment to U.S.S.G. section 2D1.1(a)(5) ("Section 2D1.1(a)(5)"), which provides an offense level reduction applicable only to defendants who received a mitigating role adjustment under U.S.S.G. section 3B1.2 ("Section 3B1.2"). Mr. Zambrano's offense level calculations, which were stipulated in his plea agreement, calculated by the Probation Department, and adopted by the Court at sentencing, did not include a mitigating role adjustment under Section 3B1.2. While he now presents various arguments as to why he should have received such an adjustment during sentencing, "[a] compassionate release motion is 'not an opportunity to second guess or to reconsider' the sentencing court's original

decision." United States v. Hoti, No. 15-CR-651-LTS-1, 2026 WL 670175, at *2 (S.D.N.Y. Mar. 10, 2026) (citation omitted). And as the Government correctly explains in its Opposition, even if Mr. Zambrano were permitted to relitigate the Court's Guidelines calculations and avail himself of both a mitigating role adjustment and the further reduction set forth in Section 2D1.1(a)(5), the resultant Guidelines range would still be 87 to 108 months' imprisonment, which is above his 72-month custodial sentence. (Opp. at 5.) Mr. Zambrano thus has not persuaded the Court that there would exist a gross disparity between the sentence he is currently serving and the sentence that would likely have been imposed at the time he filed the instant Motion.

In conclusion, Mr. Zambrano has not met his burden of presenting extraordinary and compelling circumstances justifying a sentence reduction, and his Motion is accordingly denied. This Memorandum Order resolves docket entry no. 81. The Clerk of Court is respectfully directed to mail a copy of this Order to the address shown below.

SO ORDERED.

Dated: New York, New York
August 20, 2026

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Mail to:**

Mr. Antonio Zambrano
Registration No. 14897-509
FCI Yazoo City Low II
P.O. Box 5000
Yazoo City, MS 39194